UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| RAUL ROBLEDO-RAMIREZ,<br>Petitioner,<br>v.<br>FERETI SEMAIA, et al.,<br>Respondents. | No. 5:26-cv-06068-JDE<br><br>ORDER REGARDING PETITION |

**I.**

**PROCEEDINGS**

On October 14, 2026, Raul Robledo-Ramirez ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, alleging his detention by immigration authorities violates his due process rights. Dkt. 1 ("Petition" or "Pet."). He seeks his immediate release, among other things. Id. at 29. On October 22, 2026, Respondents filed an Answer opposing release, arguing Petitioner is "properly detained," but noting that he would be entitled to a bond hearing before an immigration judge under 8 U.S.C. § 1226(a), upon request. Dkt. 7 ("Ans.") at 2. Petitioner filed a Reply on October 22, 2026. Dkt. 8.

For the reasons discussed below, the Petition is granted, in part.

## II.

## BACKGROUND

Petitioner was born in Mexico, is a citizen of Mexico, and entered the United States in 2003 without inspection. Pet. ¶¶ 2, 8, 13; Dkt. 1-1 ¶ 7. In 2006, Petitioner was convicted of "DUI alcohol / drugs"; in 2008, he was convicted of driving without a license; in 2012, he was convicted of driving with a suspended license; and in 2016, he was again convicted of driving with a suspended license. Dkt. 7-1 ("Form I-213") at 3.

Petitioner was arrested by Immigration and Customs Enforcement ("ICE") officers after he was pulled over on his way to work on October 8, 2026. Pet. ¶ 16; Form I-213 at 2. He claims ICE lacked a warrant, probable cause, or any pre-deprivation process at the time of his detention. Pet. ¶ 16. After he pulled over, his vehicle was surrounded by ICE vehicles. Dkt. 1-1 ¶ 8.

Based on the Form I-213, it appears that on October 8, 2026, ICE officers were looking for an unnamed person in Oxnard, California, when they observed "a male fitting the physical description" of the unnamed person driving a pickup truck. Id. at 2. ICE officers then "conducted an investigatory stop [of the pickup truck] in [an] attempt to identify the subject," after which a "field interview" was conducted with Petitioner, the driver of the vehicle. Id. Per the Form I-213, "[b]ased on the totally [sic] of circumstances a strong indication existed that [Petitioner] was illegally present in the United States." Id. at 3. A "Field Team Supervisor" approved Petitioner's arrest and issued an "administrative warrant of arrest" that was served "when it was safe to do so." Id. Later that day, Petitioner was served with a Notice of Custody Determination and Notice to Appear, commencing immigration proceedings. Id. at 4; Dkt. 7-2.

/ / /

/ / /

## III.

## DISCUSSION

A petitioner seeking habeas relief must demonstrate that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). The protections of habeas corpus extend to those in immigration detention. See Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020); Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin, 955 F.3d at 759.

"It is the petitioner's burden to prove his custody is in violation of the Constitution, laws[,] or treaties of the United States." Snook v. Wood, 89 F.3d 605, 609 (9th Cir. 1996) (citation omitted). As the Supreme Court has explained, "[a] writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment." United States ex. Rel. Bilokumsky v. Tod, 263 U.S. 149, 158 (1923) (citation omitted). Thus, "[t]he dispositive question in this habeas proceeding is not whether petitioner's arrest was procedurally defective, but whether he is presently entitled to release from custody." Liu v. Janecha, 2026 WL 2178768, at *2 (C.D. Cal. July 27, 2026). As such, on the unique facts here, "to the extent that petitioner seeks [his] release from custody based on the allegedly unlawful arrest, there is no basis for the court to grant such relief." See Marroquin Salazar v. Noem, Case No. 5:25-cv-02367-FLA-JC (C.D. Cal.), Dkt. 10 at 20-21 (collecting cases), accepted by 2025 WL 3535050, at *1 (C.D. Cal. Dec. 8, 2025); Lameda Rodriguez v. Semaia, 2026 WL 2221648, at *4 (C.D. Cal. July 30, 2026) (denying Fourth Amendment

claim); Mendez v. Sec'y of Homeland Sec., 2026 WL 2138133, at *2 (C.D. Cal. July 17, 2026) (finding petitioner was not entitled to release based on any alleged defect in the arrest process).

As to Petitioner's due process claims, the Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. U.S. Const. amend. V. Due process rights extend to noncitizens present in the United States, including those subject to final removal orders. Zadvydas v. Davis, 533 U.S. 678, 693-94 (2001). Due process requires that an individual be afforded notice and opportunity to be heard "at a meaningful time and in a meaningful manner." See Mathews v. Eldridge, 424 U.S. 319, 333, 348 (1976) (citation omitted). In considering alleged due process violations, the Court must consider: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Id. at 335. This is a "flexible test that can and must account for the heightened governmental interest in the immigration detention context." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022).

Here, Petitioner contends he has a cognizable liberty interest in remaining free from detention, which he had done for over 23 years, while working to provide for his children. Pet. ¶ 24. At the same time, Petitioner concedes he entered the United States in 2003 without inspection. He does not claim he was lawfully in the United States or had been granted any parole or other formal release on conditions by the Department of Homeland Security at the time of his arrest. Respondents indicate this was Petitioner's "first detention." Ans. at 2.

Considering the Mathews factors, the Court assumes a cognizable liberty interest existed at the time of Petitioner's detention on October 8, 2026. As to the second factor, "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards," here, Petitioner was advised in writing of the basis for his removal proceedings the same day he was detained and, as set forth below, will be provided a bond hearing before an immigration judge by November 4, 2026, less than a month after his detention, at which he may be represented by counsel, may present evidence and argument for release on bond, and may appeal any adverse determination to the Board of Immigration Appeals. Such procedures minimize the risk of an erroneous deprivation of any liberty interest. Lastly, as to the third factor, though a government interest in detaining Petitioner without a bond hearing his low (see Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019)), here, a hearing will be required, and generally, the government has a "strong interest" in enforcing the immigration laws (Rodriguez Diaz, 53 F.4th at 1208).

Weighing those factors, Petitioner, who was not on parole or supervision at the time of his detention and was advised of the basis for his removal proceedings on the date he was detained, has not shown that being provided a prompt, post-detention bond hearing violates the due process clause such that immediate release is warranted. Although he cites other district court decisions ordering release based on the facts in those cases, the Court finds on the facts here, immediate release via a habeas petition is not warranted.

The Court finds, with an expeditious bond hearing, the process Petitioner received is sufficient to protect his asserted liberty interest here. See Mendez, 2026 WL 2138133, at *3 (finding petitioner failed to show that procedural due process required predeprivation notice and a hearing); Aguilar v. Semaia, 2026 WL 166906, at *4-5 (C.D. Cal. Jan. 16, 2026) (denying

request for immediate release from immigration detention in light of post-detention process provided, including a bond hearing); F.R.V. v. Semaia, 2026 WL 852064, at *2-3 (C.D. Cal. Mar. 24, 2026) (finding petitioner failed to show a likelihood of success on his due process claim where he was provided a post-detention bond hearing); Singh v. Bowen, 2026 WL 485760, at *4-5 (C.D. Cal. Feb. 19, 2026) (same); see also Rodriguez Diaz, 53 F.4th at 1208 (explaining that courts must "consider the process [petitioner] received [while detained]" and "the further process that was available to him"). To the extent Respondents argue that Petitioner must first request a bond hearing administratively to "exhaust" his remedies, the undersigned finds that, in this instance, such "exhaustion" puts form over substance and would unnecessarily delay a remedy that Respondents concede is currently available to Petitioner upon request, and as such, should not be required.

For the foregoing reasons, the Petition is granted, in part, with Respondents ordered to provide Petitioner a bond hearing before an immigration judge within seven days, but is denied in all other respects as unsupported and/or moot.

## IV.

## ORDER

IT IS ORDERED that Judgment shall be entered:

(1) granting the Petition, in part, and ORDERING Respondents to

(a) provide an individualized bond hearing before an immigration judge under 8 U.S.C. § 1226(a) for **Petitioner Raul Robledo-Ramirez (A# 246 062 649)** within seven (7) days of this Order, with instructions that the immigration judge must provide a written, reasoned decision if bond is denied, including all factual findings in support of such decision; or

(b) release Petitioner from custody subject only to narrowly tailored conditions of release, if any, no more restrictive than necessary to reasonably assure his appearance as required and to protect the community, if he is not timely provided with the aforementioned bond hearing; and

(2) denying the Petition as to all other requests for relief with prejudice.

Dated: October 28, 2026

JOHN D. EARLY
United States Magistrate Judge